Case 4:23-cv-00844   Document 61   Filed on 04/03/25 in TXSD   Page 1 of 6
United States District Court
Southern District of Texas
**ENTERED**
April 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC JERVON McGEE, (TDCJ #02167666), | § § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-844 |
| DARRINGTON UNIT, *et al.*, | § § § § | |
| Defendants. | § § | |

## ORDER ON MOTION FOR RECUSAL AND RECONSIDERATION

Plaintiff Eric Jervon McGee, (TDCJ # 02167666), proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983 alleging claims against multiple TDCJ prison officials and four fellow TDCJ inmates. (Dkt. 6). The Court dismissed McGee's claims against his fellow inmates, (Dkt. 9), granted the motion to dismiss filed by the TDCJ officials as to all of McGee's claims except his failure-to-protect claims against Major Frederick Gooden and Lieutenant Saheed Oki, (Dkt. 24), and later granted summary judgment on those remaining claims and dismissed the action. (Dkts. 51, 52). The Court has denied McGee's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and his motion for relief from judgment under Federal Rule of Civil

1/6

Procedure 60(b). (Dkts. 57, 59). McGee has not appealed any of these rulings.

McGee has now filed a letter motion seeking recusal of the Court. (Dkt. 60). He also asks for reconsideration of the Court's rulings. (*Id.*). This letter motion is denied for the reasons that follow.

## I.  DISCUSSION

### A.  Motion to Recuse

McGee does not cite a legal basis for his request that the Court recuse itself, but recusal motions may be brought under either 28 U.S.C. § 144 or 28 U.S.C. § 455(a). Section 144 relates to charges of actual bias or prejudice, while § 455(a) relates to an appearance of bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 547-48 (1994).

> Section 144 provides, in pertinent part:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. To be legally sufficient, the required affidavit must: "(1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 483 (5th Cir. 2003). When considering the motion, "the judge must pass on the

sufficiency of the affidavit, but may not pass on the truth of the affidavit's allegations." *Id.* If the moving party fails to submit the required affidavit, the motion must be denied. *See United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988).

McGee's letter motion seeking recusal is not accompanied by an affidavit. This failure alone requires that his motion be denied under § 144. And even if the Court were to consider McGee's unsworn assertions as an affidavit, he does not allege facts that would require another judge to consider his motion.

Section 455(a), which concerns claims of apparent rather than actual bias, requires the judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal under § 455(a) is warranted if a reasonable person who is aware of the circumstances surrounding a judge's failure to recuse would have legitimate doubts about that judge's impartiality. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). But "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *Morrison*, 833 F.3d at 507 ("Adverse trial rulings . . . do not establish bias.") Instead, the party seeking recusal must allege facts showing that the bias or prejudice is personal in nature and arises from a source *other than* either the current or any prior judicial proceedings. *See Liteky*, 510 U.S. at 544-45; *see also Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) ("[E]vents occurring or opinions expressed in the course of judicial proceedings" generally "do

3/6

not support a bias or partiality challenge."). In addition, the facts must show that the judge holds "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

McGee's request for recusal appears to be based solely on the Court's dismissal of his complaint and denial of his postjudgment motions. But the rulings entered in this case do not demonstrate the bias necessary to warrant recusal. McGee does not allege that any of the Court's rulings were based on opinions formed from an extrajudicial source. Nor does he show that the Court has demonstrated any deep-seated antagonism toward him. McGee's reliance on the Court's rulings is insufficient to raise legitimate doubts about the Court's impartiality that would support recusal under § 455(a).

McGee's letter motion fails to show that recusal is warranted. His letter motion to recuse, (Dkt. 60), is **denied**.

### B. Motion for Reconsideration

In his letter motion, McGee also asks the Court to again reconsider its dismissal of his action. This request is also denied.

As the Court has previously explained to McGee, relief under Rule 60(b) is available only if the litigant can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) certain newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the

4/ 6

judgment; (5) events casting doubt on the validity or equity of continuing to apply the judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). It is not a vehicle for a litigant to express his disagreement with the Court's previous rulings. *See, e.g., Carter v. Dolce,* 741 F.2d 758, 760 (5th Cir. 1984) (holding that a Rule 60(b) motion is not an opportunity to relitigate a decision because the plaintiff is unhappy with the result); *Fackelman v. Bell,* 564 F.2d 734, 735 (5th Cir. 1977) (same).

McGee's letter motion does not identify any newly discovered evidence. He does not identify any mistake, fraud, or other events that would cast doubt on the validity of the original judgment. Instead, he simply contends that the Court should have believed his allegations rather than the evidence offered by the defendants. While this may be a proper argument for appeal, it is not a proper argument in a motion under Rule 60(b).

Having failed to identify any basis for relief under Rule 60(b), McGee is not entitled to the relief he seeks. His second motion for relief from judgment under Rule 60(b) is **denied**.

## II.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. McGee's letter motion for recusal and reconsideration, (Dkt. 60), is **DENIED**.

2. McGee's request, contained in his letter motion, that the Court forward to

other courts various letters he has mailed to this Court is **DENIED**. McGee must file his own letters and motions in his various pending cases.

3. McGee is **WARNED** that continuing to file frivolous, repetitive, or otherwise abusive letters and motions in this action will result in the imposition of sanctions, which may include monetary penalties and restrictions on his ability to file pleadings in this Court. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980) (courts have the inherent authority to impose sanctions for abusive tactics).

The Clerk will provide a copy of this Order to the plaintiff.

SIGNED at Houston, Texas on _____Apr 3_____, 2025.

                                        DAVID HITTNER
                                    UNITED STATES DISTRICT JUDGE